UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-170-HRW

RANDALL WAYNE HARPER                                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

KENTUCKY DEPARTMENT OF CORRECTIONS
    and SCOTT A. HAAS                                                                 DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Randall Wayne Harper, an individual presently confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, together with a motion to proceed *in forma pauperis*. The motion will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1]

## CLAIM

The plaintiff claims that the defendants have violated his rights under the Eighth Amendment of the U.S. Constitution.

---

[1] This is a *pro se* pleading and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition/complaint must be taken as true and construed in favor of the *pro se* litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

DEFENDANTS

The plaintiff has named two defendants: the Kentucky Department of Corrections ("KDOC") and its Medical Director, Scott A. Haas.

RELIEF REQUESTED

The plaintiff seeks injunctive relief.

FACTUAL ALLEGATIONS

The prisoner-plaintiff begins with his statement that he has Hepatitis C and was treated with Interferon and Ribovaria for over a year. These drugs purportedly caused his skin to become extremely sensitive, with the result that when he shaved with a state-prison-issued razor, his skin became sore and would burn. Harper states that the condition became so extreme that officials at the Kentucky State Reformatory at LaGrange, Kentucky, permitted him to purchase "electric clippers to shave his beard."

When the plaintiff's disease went into remission, the Hepatitis C treatment ceased. However, Harper contends, his skin has continued to be so extremely sensitive that he still suffers irritation and a rash if he utilizes a state razor. Therefore, upon his transfer to another state prison, the Green River Correctional Complex, he was allowed to keep and use the clippers, even though the treatment had been completed.

However, upon transfer to his current location, Plaintiff Harper alleges, his clippers were confiscated and he has been "forced" to utilize the state razors, which have caused his skin to break into a rash. Further, he claims that he "is unable to utilize state provided electric clippers as the cleaning agent that must be used for those clippers aggravate preexisting skin conditions."

Harper alleges that on August 7, 2006, he filed a grievance asking to have the clippers which he bought returned to him. When that was denied, on September 11, 2006, he filed an appeal, but it too was unsuccessful, the Defendant KDOC Medical Director purportedly responding on October 2, 2006, that there was no correlation between his skin irritation and a medication that had been discontinued. Claiming to have thereby exhausted the KDOC administrative process, the plaintiff has come to this Court seeking to have his electric clippers returned to him for his use.

## DISCUSSION

To the extent that the plaintiff has brought this action against the KDOC, he is advised that it is an agency of the Commonwealth of Kentucky, and the Eleventh Amendment prohibits actions under §1983 and §1985 against states and state agencies. "*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 339-42 (1979); *Cowan v. University of Louisville School of Med.*, 900 F.2d 936, 940-41 (6th Cir. 1990). Neither a state nor its agencies are "persons" susceptible to being sued under §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). *See also Hutsell v. Sayre*, 5 F.3d 996 (6th Cir. 1993), *cert. denied*, 114 S. Ct. 1071 (1994). Therefore, the KDOC is entitled to be dismissed from this cause of action.

The Court proceeds to screen the complaint with regard to the other defendant, Dr. Scott A. Haas. The plaintiff has alleged a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Courts use the Eighth Amendment to scrutinize conditions of confinement and the medical treatment a prisoner receives in prison.

To prove conditions constituting cruel and unusual punishment in violation of the Eighth Amendment, a plaintiff must satisfy a two-prong test that has both an objective and a subjective component. The first prong, which is an objective inquiry, asks whether the deprivation alleged is

3

"sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). The inmate must be denied "the minimal civilized measure of life's necessities" (*Wilson,* 501 U.S. at 298), and the deprivation must violate contemporary notions of decency. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) (although the conditions may be restrictive and even harsh, they are part of the penalty that criminal defendants must pay for their offenses against society).

The second prong, a subjective inquiry, requires the inmate to demonstrate that the prison officials acted at least with deliberate indifference toward his or her needs. *Farmer,* 511 U.S. at 834; *Wilson,* 501 U.S. at 302-03. This involves a determination by the court of whether the prison official had a sufficiently culpable state of mind. *Wilson,* 501 U.S. at 297. The defendant prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 835-37 (establishing a subjective recklessness standard for prison-condition cases); *Whitley v. Albers,* 475 U.S. 312, 319 (1986). In addition, plaintiffs must produce evidence of serious or significant physical or emotional injury resulting from the challenged cruel and unusual prison conditions. *Strickler v. Waters,* 989 F.2d 1375, 1380-81 (4th Cir.), *cert. denied,* 510 U.S. 949 (1993).

Similarly, the plaintiff must satisfy the two components with regard to medical care at the prison. The Supreme Court has held that "[i]n order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, a prisoner must show both the prisoner-plaintiff's "serious medical needs" and the defendant's "deliberate indifference" to those needs. *Id.*

A prisoner's medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

4

necessity for a doctor's attention. *See Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). "Deliberate indifference" may be "manifested by prison doctors in their response to a prisoner's needs or by prison [staff] in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. at 104. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir.1990).

In the case *sub judice*, the plaintiff was permitted an exemption from the state's standard shaving implements at two prisons but was denied an exemption at the third. Assuming as true that the plaintiff has very sensitive skin that makes shaving unpleasant, this Court cannot, however, under the aforestated law, find that his sensitivity to shaving, as described, is a medical need that rises to the level of constitutional significance as a serious medical need or that the requirement that he use only state-issued shaving implements imposes a condition of his confinement which offends the Constitution.

Plaintiff has failed to adequately allege that his shaving situation amounts to a deprivation of one, or a combination of, basic human needs which could be defined as "the minimal civilized measure of life's necessities." *See Wilson v. Seiter,* 501 U.S. at 298. To violate the Eighth Amendment, the conditions of confinement must be grossly disproportionate to the severity of the crime warranting imprisonment, or devoid of penological justification. *Rhodes v. Chapman,* 452 U.S. at 347; *Caldwell v. Miller,* 790 F.2d 589, 600 (7th Cir.1986).

Consistent therewith, the Court finds that the plaintiff has failed to state an Eighth Amendment claim with regard to the conditions imposed on him at his current prison. He is advised

that prisons are not required to provide, nor can prisoners expect to receive, "the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988) (no constitutional violation where prison officials failed to provide prisoner with toilet paper for five days, and with soap, toothbrush and toothpaste for ten days).

In *Monroe v. Bombard,* 422 F.Supp. 211 (D.C.N.Y., 1976), the district court found that if a doctor determined that it was necessary to exempt inmates from shaving, that determination should be followed by prison officials. In this case, where the defendant is the deciding doctor, Dr. Haas has determined that Plaintiff does not have a condition requiring that he be exempt from the standard shaving provisions and prison officials have followed his lead. Although the instant plaintiff disagrees with this decision, mere disagreement between an inmate and a physician as to the proper course of treatment does not rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Even "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *Russell v. Sheffer*, 528 F.2d 318 (4th Cir.1975) (finding that medical judgments are not judicially reviewable).

Moreover, any Eighth Amendment claim must be supported by allegations of a culpable state of mind, *i.e.,* deliberate indifference, and Plaintiff Harper has failed to adequately allege that the defendant doctor possessed the requisite mental state. *See Steading* v. Thompson, 941 F.2d 498, 499-500 (7th Cir.1991), *cert. denied,* 112 S.Ct. 1206 (1992). Even given its most liberal interpretation, the complaint falls far short of making the necessary showing of culpable intent, there being no contention that Dr. Haas possessed shocking unconcern for plaintiff's welfare. *See McGill v. Duckworth,* 944 F.2d 344, 347 (7th Cir.1991), *cert. denied*, 112 S.Ct. 1265 (1992). The total lack

of this component, required to state any Eighth Amendment claim, is an alternative ground for summary dismissal of the instant lawsuit.

Finally, dismissal of the instant claim is consistent with the dispositions of similar shaving-issue cases in other courts. In addition to the foregoing, *see, e.g.*, *Handley v. Welborn*, 9 F.3d 112 (7th Cir. 1993); *Smith v. Ohai*, 2006 WL 2987929 (W.D. Va. 2006) (slip op.); *see also Sykes v. Thompson*, 2004 WL 3258268, *2 (E.D.Va.,2004) (citing *Shabazz v. Barnauskas,* 790 F.2d 1536, 1538 (11th Cir.1986)), *affm'd*, *Sykes v. Thompson*, 122 Fed.Appx. 57 (4th Cir. 2005).

### CONCLUSION

Accordingly, the Court finding that the plaintiff has failed to state a claim upon which this Court may grant relief and being otherwise advised, **IT IS ORDERED** that this action will be **DISMISSED**, *sua sponte,* from the docket of the Court and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This January 23, 2007.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge